[Cite as *State v. Dyson*, 2012-Ohio-3193.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 11CA0063 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHARLES DYSON | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 09-CR-0031 |

## DECISION AND JOURNAL ENTRY

Dated: July 16, 2012

DICKINSON, Judge.

### INTRODUCTION

{¶1} Charles Dyson pleaded guilty to one count of rape under Section 2907.02(A)(1)(b) of the Ohio Revised Code. The trial court sentenced him to ten years to life in prison. Five months after the court entered its judgment, Mr. Dyson attempted to appeal, but this Court dismissed his appeal as untimely. *State v. Dyson*, 9th Dist. No. 09CA0055, 2010-Ohio-6452, ¶ 7. In December 2011, he moved for resentencing de novo, arguing that the court violated the applicable statutory requirements. The trial court denied Mr. Dyson's motion, and he has appealed its decision. We affirm because his arguments are barred by the doctrine of res judicata.

### RES JUDICATA

{¶2} Mr. Dyson's first assignment of error is that the trial court incorrectly denied his motion for resentencing. His second assignment of error is that the court incorrectly imposed a sentence that was more than the maximum allowed. His third assignment of error is that the

court incorrectly applied sentencing enhancements that do not apply to the facts of his case. His fourth assignment of error is that the court incorrectly imposed a sentence that was contrary to law. His fifth assignment of error is that the court incorrectly applied the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856.

{¶3} The doctrine of "[r]es judicata bars the assertion of claims against a valid, final judgment of conviction that [were] raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St. 3d 448, 2010-Ohio-3831, ¶ 59. Each of the arguments that Mr. Dyson has made in his second, third, fourth, and fifth assignments or error are ones that he could have made in a timely appeal from the trial court's sentencing entry. Mr. Dyson also previously made the same arguments to the trial court in his May 2010 motion to modify sentence, his June 2010 motion for modification of sentence, his February 2011 motion to vacate and correct an improper sentence, his May 2011 motion to correct improper sentence, and his September 2011 motion to impose a sentence pursuant to R.C. 2929.14. We, therefore, conclude that they are barred by the doctrine of res judicata.

{¶4} Regarding Mr. Dyson's first assignment of error, we note that the arguments he made in his motion for resentencing de novo are the same as those that he made in his prior motions for resentencing. We also note that he failed to appeal the trial court's denial of any of those prior motions. Accordingly, we conclude that Mr. Dyson's motion for resentencing de novo was barred by the doctrine of res judicata. Mr. Dyson's assignments of error are overruled.

CONCLUSION

{¶5} Mr. Dyson may not appeal issues that he could have raised on direct appeal from the trial court's judgment or in an appeal from his previous motions. The judgment of the Wayne County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P.J.
BAIRD, J.
CONCUR.

(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, §6(C), Article IV, Constitution.)

APPEARANCES:

CHARLES DYSON, pro se, Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.